**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MEMBERSELECT INSURANCE
COMPANY, as subrogee of David Gillie,

       Plaintiff,

                            Case 1:18-cv-02093-CRN-MMR

vs.

TESLA, INC.
                            District Judge Charles R. Norgle, Sr.
       Defendant.                Magistrate Mary M. Rowland

## DEFENDANT TESLA, INC.'S MOTION TO DISMISS

Defendant, Tesla, Inc ("Tesla"), through its attorneys, Bowman and Brooke LLP and Sudekum, Cassidy & Shulruff, Chtd, move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). In support of this Motion, Tesla relies on the accompanying Brief. This Motion is based on the following:

1. This lawsuit arises from an alleged automobile accident involving a 2016 Tesla Model X, owned by Plaintiff's subrogor, David Gillie ("Gillie").

2. MemberSelect Insurance Company ("MemberSelect" or "Plaintiff") alleged only that it paid Gillie for an alleged total loss of the vehicle, allegedly "pursuant to" MemberSelect Policy No. AUTO43586502 (the "Policy") that was allegedly in place at the time of the loss. MemberSelect makes no mention of whether, or which, provision(s) applied to afford coverage under its Policy or whether the Policy actually covered the loss.

3. In turn, MemberSelect filed this subrogation action against Tesla in Lake County Circuit Court. Tesla filed a Notice of Removal to this Court on March 22, 2018. (Dkt. 1). Tesla now files this Motion as its first responsive pleading within seven (7) days of removal, as required by Fed. R. Civ. P. 81(c)(2)(C).

4.	MemberSelect asserts various product liability theories including a "Non-Specific Product Defect." (Compl., ¶¶ 77-80). MemberSelect claims it is entitled to pursue this subrogation action "by reason of payments made to and on behalf of Mr. Gillie pursuant to the Policy. . ." (Compl., ¶ 7).

5.	As a threshold matter, MemberSelect's Complaint is deficiently pleaded and should be dismissed for failure to attach a copy of the insurance policy, pursuant to which it claims to have made payments. *See* 735 ILCS 5/2-606. MemberSelect's failure to attach the insurance policy it issued, and has ready access to, constitutes a failure to adequately plead its claims, both in Lake County Circuit Court where it originated this action, and here in the Northern District of Illinois. *See Id.; Miller-Calabrese v. Cont'l Grain Co.*, No. 96 C 6626, 1997 WL 392340, at *7 (N.D. Ill. July 8, 1997) ("Illinois law states that when a pleading is based on a written instrument, either the instrument must be attached to the pleading, relevant excerpts of the instrument must be recited in the pleading, or an affidavit must be attached to the pleading stating that the instrument is inaccessible. 735 Ill. Comp. Stat. 5/2–606; *see also Moskowitz v. Chicago*, 1993 WL 478938 (N.D. Ill. Nov. 16, 1993) (internal quotation omitted). Plaintiff has failed to follow these guidelines; therefore, defendant's motion to dismiss plaintiff's breach of contract claim is granted without prejudice.").

6.	Further, without having a copy of the insurance policy issued to Mr. Gillie, Tesla is unable to assert factually based affirmative defenses with respect to the threshold issue of whether MemberSelect has a valid right to pursue a subrogation claim.

7.	Additionally, Plaintiff failed to adequately plead that it has a valid subrogation claim against Tesla such that dismissal is appropriate on this basis alone.

8.	By filing this Motion, Pre-Answer, Tesla reserves its right to file a motion for change of venue at or before a time when/if it is required to appear in this case.

**WHEREFORE**, for these reasons and the reasons set forth in the accompanying Brief, Tesla requests that this Court grant its Motion and dismiss MemberSelect's Complaint.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

BY: /s/ Thomas P. Branigan
THOMAS P. BRANIGAN (ARDC-6271048)
MATTHEW G. BERARD (ARDC-6312341)
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, MI 48304
248.205.3300 ph / 248.205.3399 fax
tom.branigan@bowmanandbrooke.com
matthew.berard@bowmanandbrooke.com

*Attorneys for Defendant Tesla, Inc.*

and

George M. Velcich (ARDC-3127772)
Sudekum, Cassidy & Shulruff, Chtd.
20 N. Clark St. #2450
Chicago, IL 60602
Tel: (312) 803-6250
gmv@scslegal.com

*Local Counsel for Tesla, Inc. per LR 83.15*

**TABLE OF CONTENTS**

STATEMENT OF ISSUE PRESENTED ......................................................................................... iv
CONTROLLING OR MOST APPROPRIATE AUTHORITY ........................................................v
    I.    INTRODUCTION ...............................................................................................1
    II.    STANDARD OF REVIEW ..................................................................................1
    III.    FACTS ..................................................................................................................2
    IV.    ARGUMENT ........................................................................................................3
        A.    MemberSelect Failed to Attach Its Insurance Policy to the Complaint ................................................................................................3
        B.    MemberSelect Failed Plead the Terms of the Insurance Policy to Sufficiently Allege Its Entitlement to Pursue a Subrogation Claim. ................................................................................5
        C.    In the Alternative, Plaintiff Should be Required to Amend Its Complaint to Attach the Insurance Policy as an Exhibit. ........................8
    V.    CONCLUSION ....................................................................................................9

# INDEX OF AUTHORITIES

## Cases

*Am. National Bank and Trust Co. of Chicago v. Weyerhaeuser Co.*, 692 F.2d 455 (7th Cir.1982) ................................................................. 6

*Ameriquest Mortgage Co. v. Alton*, 273 Mich.App 84, 731 NW2d 99 (2006) ............................................................................................. 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................. 1, 2

*Auto–Owners Ins. Co. v. Amoco Prod Co.,* 468 Mich. 53; 658 NW2d 460 (2003) ............................................................................................. 5

*Beaty v. Hertzberg & Golden, PC*, 456 Mich. 247; 571 NW2d 716 (1997) ............. 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................... 1, 2

*Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) ........................................... 2

*CitiMortgage, Inc. v. Mortgage Electronic Registration Systems, Inc.,* 295 Mich.App 72; 813 NW2d 332 (2011) ............................................... 5

*Conley v. Gibson*, 355 U.S. 41 (1957) ...................................................... 2

*Dix v. Edelman Fin. Servs., LLC*, No. 17 CV 6561, 2018 WL 1115937 (N.D. Ill. Feb. 28, 2018) ................................................................. 1

*Grinnell Mut. Reinsurance Co. v. Franks, Gerkin & McKenna*, 2000 WL 1222208 (N.D. Ill. Aug. 24, 2000) .................................................. 6

*Kosten v. Kosten*, 2016 WL 7231608 (N.D. Ill. Dec. 14, 2016) ....................... 8

*Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797 (7th Cir. 2008) ............. 2

*Mercantile Bank of Michigan v. CLMIA, LLC*, No. 316777, 2015 WL 630259 (Mich. Ct. App. Feb. 12, 2015) ........................................... 5

*Miller-Calabrese v. Cont'l Grain Co.*, No. 96 C 6626, 1997 WL 392340 (N.D. Ill. July 8, 1997) ................................................................. 3

*Moskowitz v. Chicago*, 1993 WL 478938 (N.D. Ill. Nov. 16, 1993) .................. 4

*Mount Hawley Ins. Co. v. Guardsmark, Inc.*, No. 01 C 5088, 2001 WL 766874 (N.D. Ill. July 5, 2001) ........................................................ 4

*Pena v. Novartis Pharmaceuticals Corp.*, 2004 WL 2331841 (N.D. Ill Oct. 14, 2004) ............................................................................. 5

*Powell v. City of Chicago*, No. 17-CV-5156, 2018 WL 1211576 (N.D. Ill. Mar. 8, 2018) ................................................................................. 2

*Progressive Ins. Co. v. Williams*, 379 Ill. App. 3d 541, 884 N.E.2d 735 (2008) ................................................................................................................... 5

**Statutes**

28 U.S.C. §1446 ............................................................................................................... 1

735 ILCS 5/2–403(a) ........................................................................................................ 7

735 ILCS 5/2-606 ............................................................................................................. 3

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 2, 9

Fed. R. Civ. P. 8(a)(2) ................................................................................................... 1, 2

Michigan Court Rule 2.113 .............................................................................................. 3

## **STATEMENT OF ISSUE PRESENTED**

Should this Honorable Court dismiss MemberSelect's Complaint in its entirety because it failed to sufficiently plead that it is entitled to bring this subrogation action and because it fails to comply with pleading requirements imposed by Illinois law and the Federal Rules of Civil Procedure?

    Tesla's Answer:    **YES**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Fed R. Civ. P. 12(b)(6)

## **BRIEF IN SUPPORT**

### I. INTRODUCTION

MemberSelect brought this action in Lake County Circuit Court against a diverse defendant, seeking an amount over $75,000. Pursuant to 28 U.S.C. §1446, Tesla was permitted to remove this action to this Court by March 22, 2018 (or remain in state court) and specifically reserved its right to challenge venue and pursue other defenses available to it. (Dkt. 1). However, MemberSelect's claims were defectively asserted in the place of origin, Lake County Circuit Court, and likewise defectively asserted here. Specifically, MemberSelect failed to attach its Policy as an exhibit, failed to sufficiently plead its claims, and vaguely asserted unsubstantiated legal conclusions with respect to its alleged entitlement to pursue this action as a valid subrogee of Mr. Gillie. Dismissal is appropriate because MemberSelect failed to adequately plead its claims under Fed. R. Civ. P. 12(b)(6).

### II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require detailed factual allegations," it demands more than mere "labels and conclusions." *Dix v. Edelman Fin. Servs., LLC*, No. 17 CV 6561, 2018 WL 1115937, at *2 (N.D. Ill. Feb. 28, 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); quoting in turn *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'A formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Powell v. City of Chicago*, No.

17-CV-5156, 2018 WL 1211576, at *2 (N.D. Ill. Mar. 8, 2018) (J. Norgle)(citing *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[i]n evaluating a complaint, this Court accepts all well-pled allegations as true and draws all reasonable inferences in the plaintiff's favor. *Powell*, 2018 WL 1211576, at *2 (citing *Iqbal*, 556 U.S. at 678). "***This Court does not, however, accept a complaint's legal conclusions as true***." *Powell*, 2018 WL 1211576, at *2 (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "'short and plain statement of the claim' showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so Defendants have 'fair notice' of the claim 'and the grounds upon which it rests.'" *Id.* at *2 (citing *Twombly*, 550 U.S. at 555 (quoting in turn *Conley v. Gibson*, 355 U.S. 41 (1957)).

"[C]onversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

**III.  FACTS**

MemberSelect is a Michigan Insurance Company that issued an Insurance Policy in Michigan to Mr. Gillie, a Michigan resident, for a vehicle insured and registered in Michigan. (Compl., ¶¶ 1,2,6).  On September 15, 2016, Gillie was allegedly behind the wheel of his 2016 Tesla Model X on I-94 near Hixton, Wisconsin when he allowed the vehicle to proceed through a construction zone while on Autopilot mode.  (Compl., ¶¶ 26, 27).  According to MemberSelect's Complaint, the vehicle collided with a construction barricade and caused damage to the vehicle. (Compl., ¶¶ 27, 32).  MemberSelect allegedly paid Mr. Gillie $112,445.54, including the deductible, for the loss of the vehicle (Compl., ¶ 32) but does not

2

state whether the Policy covered the loss, does not recite the coverage provision under which its payment was made, nor does it attach the Policy to its Complaint. MemberSelect now brings this subrogation action against Tesla.

## IV.     ARGUMENT

Tesla respectfully submits that it is entitled to dismissal because MemberSelect's Complaint is deficiently pleaded for two reasons.

### A.     MemberSelect Failed to Attach Its Insurance Policy to the Complaint

Because this is a subrogation action, MemberSelect's claim is based on a contract and it asserts this claim under the presumption that it is entitled to the amount it paid to Mr. Gillie, simply because it made those payments.  With respect to the requirements for filing a complaint asserting a claim based on a contract, Illinois law states:

> 735 ILCS 5/2-606- Exhibits. If a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her. In pleading any written instrument a copy thereof may be attached to the pleading as an exhibit. In either case the exhibit constitutes a part of the pleading for all purposes.[1]

In *Miller-Calabrese v. Cont'l Grain Co.*, No. 96 C 6626, 1997 WL 392340 (N.D. Ill. July 8, 1997) the court stated:

---

[1] Illinois' pleading requirement is not unique. For example, the law in Michigan, the place of residence for Gillie and MemberSelect, contains the same procedural requirement, stating:
(F) Exhibits; Written Instruments.
>    (1) If a claim or defense is based on a written instrument, a copy of the instrument or its pertinent parts must be attached to the pleading as an exhibit unless the instrument is:
>>        (a) a matter of public record in the county in which the action is commenced and its location in the record is stated in the pleading;
>>        (b) in the possession of the adverse party and the pleading so states;
>>        (c) inaccessible to the pleader and the pleading so states, giving the reason; or
>>        (d) of a nature that attaching the instrument would be unnecessary or impractical and the pleading so states, giving the reason.

*See*, Michigan Court Rule 2.113

3

> "Illinois law states that when a pleading is based on a written instrument, either ***the instrument must be attached to the pleading, relevant excerpts of the instrument must be recited in the pleading, or an affidavit must be attached to the pleading stating that the instrument is inaccessible***. 735 Ill. Comp. Stat. 5/2–606 (West 1997); [(*citation omitted*)]. Plaintiff has failed to follow these guidelines; therefore, defendant's motion to dismiss plaintiff's breach of contract claim is granted without prejudice."

*Id.* at \*7; *see also* see also *Moskowitz v. Chicago*, 1993 WL 478938 (N.D. Ill. Nov. 16, 1993) (district court granted motion to dismiss breach of employment contract claim where plaintiff did not attach or identify documents or specific terms of the contract in her complaint).[2] Thus, dismissal is appropriate because, without the Policy attached, MemberSelect has failed to sufficiently plead its subrogation claim. Additionally, Tesla is unable to analyze the language or validity of a subrogation provision in the policy (if any) under Michigan law to conclude whether payment to Mr. Gillie (the condition precedent to a subrogation claim) was proper and thus, as explained further below, not voluntarily made.

WHEREFORE, Tesla requests that this Court dismiss MemberSelect's Complaint for failure to state a claim on which relief can be granted.

---

[2] Tesla notes there is a different holding in this venue with respect to what is required of a plaintiff in pleading a claim based on a contract. In *Mount Hawley Ins. Co. v. Guardsmark, Inc.*, No. 01 C 5088, 2001 WL 766874 (N.D. Ill. July 5, 2001) the court found that Plaintiff's failure to attach the contract to the breach of contract complaint was not dispositive of that case. However, the court referenced the three options that plaintiff had for sufficiently pleading; "[i]n pleading the existence of an ***express written contract***, plaintiff, at his election, may set it forth verbatim in the complaint, attach a copy as an exhibit, or plead it according to its legal effect." *Id.* at \*2 (citing 5 Charles Wright & Arthur Miller, *Federal Practice and Procedure: Civil 2d* § 1235, at 272-73 (2d ed.1990)). Notably, this is not a breach of contract matter where, presumably, both parties would have access to, and signed, the written agreement on which the legal action was brought. Nonetheless, even the *Guardsmark* court noted the "legitimate beef" defendant would have with reference to the "added wrinkle that the claim may have been defectively asserted in its place of origin (the Cook County Circuit Court)." *Guardsmark*, 2001 WL 766874, fn. 1. MemberSelect's Complaint was assuredly defectively asserted in its place of origin, Lake County Circuit Court and, as explained further below, still insufficiently pleaded even under the treatise cited by the *Guardsmark* court because it does not set out the terms of the contract verbatim or plead it according to its legal effect.

4

**B.     MemberSelect Failed Plead the Terms of the Insurance Policy to Sufficiently Allege Its Entitlement to Pursue a Subrogation Claim.**

Aside from MemberSelect's failure to attach the Policy, MemberSelect's Complaint is still deficiently pleaded. *Pena v. Novartis Pharmaceuticals Corp.*, 2004 WL 2331841 (N.D. Ill Oct. 14, 2004) (noting that plaintiff failed to satisfy federal pleading requirements "because she has not either (1) attached the contract, (2) set forth the contract verbatim in the Complaint, or (3) plead the contract according to its legal effect.").

To be clear, Michigan substantive law governs the question with respect to the entitlement to pursue (or appropriateness of) a subrogation claim because MemberSelect is a Michigan corporation, that issued an insurance policy in Michigan, to a Michigan insured, on a Michigan registered vehicle, that was insured in Michigan. Under a choice of law analysis, an Illinois court would interpret the terms of the contract under Michigan law. *Progressive Ins. Co. v. Williams*, 379 Ill. App. 3d 541, 543, 884 N.E.2d 735, 737 (2008).

Under Michigan law, "[e]quitable subrogation 'is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other.' *Auto–Owners Ins. Co. v. Amoco Prod Co.,* 468 Mich. 53, 59; 658 NW2d 460 (2003). '***In order to be entitled to subrogation, a subrogee cannot voluntarily have made payment***, but rather must have done so in order to fulfill a legal or equitable duty owed to the subrogor.' *Ameriquest Mortgage Co. v. Alton*, 273 Mich.App 84, 95; 731 NW2d 99 (2006) (superseded by statute on other grounds as stated in *CitiMortgage, Inc. v. Mortgage Electronic Registration Systems, Inc.*, 295 Mich.App 72; 813 NW2d 332 (2011))." *Mercantile Bank of Michigan v. CLMIA, LLC*, No. 316777, 2015 WL 630259, at *24 (Mich. Ct. App. Feb. 12, 2015); *see also Lee v. Detroit Edison*, 2005 WL 2090780 *3 (Mich. Ct. App. Aug. 30, 2005) (citing *Beaty v. Hertzberg & Golden, PC*, 456 Mich. 247, 254-255; 571 NW2d 716

5

(1997) ("the third party must not be a 'mere volunteer,' i.e., the damage must have been incurred as a consequence of the third party's fulfillment of a legal or equitable duty the third party owed to the client.")).[3]

Plaintiff cannot assert that it is entitled to subrogation without having first demonstrated that it did not voluntarily make a payment. *See generally*, *Id.* Simply because Plaintiff made a payment "pursuant to its policy" does not mean that the claim was in fact covered by the Policy's insuring agreement or not subject to other exclusions or endorsements that precluded coverage.

The ability to challenge whether an insurer/subrogee can assert a subrogation claim in the first place is discussed in *Progressive Ins. Co. v. Williams*, 379 Ill. App. 3d 541, 884 N.E.2d 735 (2008). In *Williams*, "the defendant specifically argued that Progressive had no standing to bring a subrogation action based upon its insurance contract, which was issued in Minnesota to [the injured party], who was, at all pertinent times, a Minnesota resident." *Id.* at 738.[4] The court stated that "provisions in Minnesota contracts that conflict with Minnesota's statutory law are not enforceable[.]" *Id.* at 740. The court found that "the provision recited in Progressive's policy with [the insured] is unenforceable" and "[a]ccordingly, Progressive does not have an enforceable contract right that it can use to establish standing so that the insurer can become a *bona fide* subrogee and prosecute a subrogation action pursuant to section 2–403 of the Code.

---

[3] Tesla notes that the analysis is the same under Illinois law, having similar requirements that the subrogee may not be a mere "volunteer." *See Grinnell Mut. Reinsurance Co. v. Franks, Gerkin & McKenna*, 2000 WL 1222208, at *4 (N.D. Ill. Aug. 24, 2000) (citing *Am. National Bank and Trust Co. of Chicago v. Weyerhaeuser Co.*, 692 F.2d 455 (7th Cir.1982) (In order to state a claim of subrogation, plaintiff must **_allege_**: 1) the claim or debt has been paid in full; 2) the claim or debt paid is one for which a third party is liable; 3) the subrogor, i.e. has a right that it could enforce against a third party and that the subrogee, seeks to enforce the subrogor's right; and 4) the potential subrogee did not act as a "volunteer" in paying the claim or debt of the subrogor).

[4] In the *Williams* case, the subrogee, Progressive Insurance, had "recited a provision from its insurance contract . . . in its complaint," *Id.* at 736, that it relied on to argue that it was entitled to pursue a subrogation claim.

735 ILCS 5/2–403(a)." *Id.* Notably, the *Williams* court upheld the dismissal of Progressive's subrogation case after analyzing the language of the Policy under Minnesota law.

In short, MemberSelect's failure to adequately plead its subrogation claim would deprive Tesla of an opportunity to assert substantive defenses to this action, potentially similar to that raised in *Williams*, *supra*. Without requiring disclosure of the policy language, a similar analysis of the appropriateness of the subrogation claim here is impossible because Tesla cannot analyze the language of the MemberSelect Policy under Michigan law.

In other words, it is unclear from the allegations of Plaintiff's Complaint whether the claim satisfied the insuring agreement or, rather, that Plaintiff made a business decision to voluntarily make a payment as a good-faith gesture in order to keep its premium-paying insured. It is certainly within the realm of possibility that the insured was not entitled to coverage, but through some oversight by Plaintiff, it paid the claim and now seeks a subrogation claim to recoup as much of the improperly-paid proceeds it can get from Tesla.

Without having sufficiently set forth the provisions of the Policy that would afford coverage for the claim, the provisions that would substantiate MemberSelect's valuation of the vehicle at the time of loss (allegedly $112,445.54) under its Policy and/or Michigan law, and without attaching the Policy as an exhibit to the Complaint, MemberSelect's pleading is deficiently pleaded and dismissal is appropriate.

WHEREFORE, Tesla requests that this Court dismiss MemberSelect's Complaint for failure to state a claim on which relief can be granted.

**C.      In the Alternative, Plaintiff Should be Required to Amend Its Complaint to Attach the Insurance Policy as an Exhibit.**

In the alternative, Tesla requests that MemberSelect be ordered to amend its Complaint to attach the Policy. *Kosten v. Kosten*, 2016 WL 7231608, at *2 (N.D. Ill. Dec. 14, 2016) (dismissing plaintiff's breach of contract claim because plaintiff failed to identify the terms that were the basis of the claim, but allowing plaintiff leave to filed an amended complaint.). Tesla requests twenty-one (21) days from the date the amended complaint is filed to move to file its Answer and Affirmative Defenses or file a dispositive motion.

## V. CONCLUSION

Tesla is entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for MemberSelect's failure to state a claim on which relief can be granted. In the alternative, MemberSelect should be ordered to amend its Complaint to attach the Policy.

                Respectfully submitted,

                **BOWMAN AND BROOKE LLP**

BY:   /s/ Thomas P. Branigan
        THOMAS P. BRANIGAN (ARDC-6271048)
        MATTHEW G. BERARD (ARDC-6312341)
        41000 Woodward Ave., Ste. 200 East
        Bloomfield Hills, MI 48304
        248.205.3300 ph / 248.205.3399 fax
        tom.branigan@bowmanandbrooke.com
        matthew.berard@bowmanandbrooke.com

        *Attorneys for Defendant Tesla, Inc.*

        George M. Velcich (ARDC-3127772)
        Sudekum, Cassidy & Shulruff, Chtd.
        20 N. Clark St. #2450
        Chicago, IL 60602
        Tel: (312) 803-6250
        gmv@scslegal.com

        *Local Counsel for Tesla, Inc. per LR 83.15*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2018, I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Robert Ostojic
Nick V. Marinkovich
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street
Suite 1100
Chicago, Illinois 60603
ro@lefltd.com

                                    **BOWMAN AND BROOKE LLP**

                      BY:    /s/ Thomas P. Branigan
                                 THOMAS P. BRANIGAN (P41774)
                                 MATTHEW G. BERARD (P77024)
                                 41000 Woodward Ave., Ste. 200 East
                                 Bloomfield Hills, MI 48304
                                 248.205.3300 ph / 248.205.3399 fax
                                 tom.branigan@bowmanandbrooke.com
                                 matthew.berard@bowmanandbrooke.com

                                 *Attorneys for Defendant Tesla, Inc.*

                                 and

                                 George M. Velcich (ARDC-3127772)
                                 Sudekum, Cassidy & Shulruff, Chtd.
                                 20 N. Clark St. #2450
                                 Chicago, IL 60602
                                 Tel: (312) 803-6250
                                 gmv@scslegal.com

                                 *Local Counsel for Tesla, Inc. per LR 83.15*