# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MEMBERSELECT INSURANCE COMPANY, as subrogee of David Gillie, <br><br> Plaintiff, <br><br> v. <br><br> TESLA, INC. <br><br> Defendant. | No. 18-cv-02093 <br><br> Hon. Charles R. Norgle |

## ORDER

Defendant's Motion to Dismiss [8] is denied.

## STATEMENT

Plaintiff Memberselect Insurance Company ("Plaintiff") originally filed this action against Defendant Tesla, Inc. ("Defendant") in the Circuit Court of Lake County, Illinois. On March 22, 2018, Defendant removed the action to this Court based on diversity jurisdiction. One week after removal, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

The Court accepts the following allegations as true for the purpose of this motion. Plaintiff provided automobile insurance coverage to David Gillie, a citizen of Michigan, under policy number AUTO43586502 (the "Policy"). The Policy was in effect on September 15, 2016, when Mr. Gillie was driving his Tesla Model X 90D ("Model X"), with his wife, Michelle Gillie, as a passenger, eastbound along Interstate 94 in Wisconsin. At this time, Mr. Gillie was driving his Model X with the "Autopilot" system activated. While the Autopilot system was activated, the Model X veered into a construction zone and collided with a barricade. As a result of the collision and pursuant to the Policy, Plaintiff paid Mr. Gillie $112,445.54 for the damage to the Model X.

Plaintiff alleges that it brings this action as Mr. Gillie's subrogee, pursuant to the Policy and the payment it made to Mr. Gillie. Plaintiff's five-count Complaint sets forth claims of strict products liability, negligence, failure to warn, breach of warranty, and non-specific product defect. Plaintiff's claims all have a similar theme, in alleging that Defendant's Autopilot system was defective and caused Mr. Gillie's Model X to crash. Plaintiff ultimately seeks to recover the $112,445.54 it paid to Mr. Gillie.

"Although a party need not plead 'detailed factual allegations' to survive a [Rule 12(b)(6)] motion to dismiss, mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Berger v. Nat'l Collegiate Athletic Ass'n, 843 F.3d 285, 290 (7th Cir. 2016) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Instead, [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009)) (internal quotation marks omitted). Complaints that fail to state a plausible basis for relief must be dismissed. Moore v. Mahone, 652 F.3d 722, 725 (7th Cir. 2011).

Defendant first argues that under the Illinois law, Plaintiff's Complaint must be dismissed because it failed to attach a copy of the Policy. Defendant cites to the Illinois Code of Civil Procedure in support, which provides that:

> If a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her. In pleading any written instrument a copy thereof may be attached to the pleading as an exhibit. In either case the exhibit constitutes a part of the pleading for all purposes.

735 ILCS 5/2-606. Defendant also cites to Miller-Calabrese v. Cont'l Grain Co., in which the court dismissed the plaintiff's breach of contract claim without prejudice, based on her failure to attach the contract to to the complaint in accordance with 735 ILCS 5/2-606. No. 96 C 6626, 1997 WL 392340, at *7 (N.D. Ill. July 8, 1997). Defendant argues that it is unable to determine whether Plaintiff had a valid subrogation claim without analyzing the language of the Policy.

As Plaintiff aptly points out, the Federal Rules of Civil Procedure apply to actions removed from state court, as Defendant chose to do here. Fed. R. Civ. P. 81(c)(1). Therefore, the Court rejects Defendant's argument that an Illinois pleading requirement set forth in the Illinois Code of Civil Procure must be applied in this case. Hanna v. Plumer, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141 (1965) ("[F]ederal courts are to apply state substantive law and federal procedural law."). In reaching this conclusion, the Court also relies on numerous district court decisions rejecting the application of Section 5/2-606 in federal court. See, e.g., RehabCare Grp., E., Inc. v. Camelot Terrace, Inc., No. 11 C 6557, 2012 WL 1246560, at *5 (N.D. Ill. Apr. 13, 2012) ("Although the Illinois rules of civil procedure require plaintiffs to attach relevant written instruments to pleadings…the Federal Rules of Civil Procedure have no such requirement."); Mitchell v. United Med. Sys., Inc., No. 10 C 6273, 2011 WL 1526985, at *5 (N.D. Ill. Apr. 20, 2011) ("Section 5/2–606 is a procedural rule and because this action is in federal court, the Federal Rules of Civil Procedure—which do not require any such attachments—apply."); Arnold v. Janssen Pharmaceutica, Inc., 215 F. Supp. 2d 951, 962 (N.D. Ill. 2002) ("[F]ederal courts, unlike Illinois state courts, do not require that critical documents be attached to the complaint."). Accordingly, Defendant's motion is denied, in so far as it argues for the application of Section 5/2-606.

Next, Defendant argues that even if Plaintiff is not required to attach the Policy, it has failed to plausibly allege that it is entitled to subrogation for the payment it made to Mr. Gillie. Based on a perfunctory choice of law analysis, Defendant asserts that Michigan law controls Plaintiff's right of subrogation.[1] Assuming *arguendo* that Michigan law would apply, "[i]n order to be entitled to subrogation, a subrogee cannot voluntarily have made payment, but rather must have done so in order to fulfill a legal or equitable duty owed to the subrogor." Ameriquest Mortg. Co. v. Alton, 273 Mich. App. 84, 95, 731 N.W.2d 99, 106 (2006). Defendant contends that Plaintiff's allegations are "unclear" as to whether it made the payment to Mr. Gillie per the terms of the Policy, or whether "Plaintiff made a business decision to voluntarily make a payment as a good-faith gesture in order

---

[1] The Court declines to reach any decision regarding the applicability of Michigan law at this early juncture in the proceeding.

to keep its premium paying insured." Def.'s Mem. in Supp., 7. The Court rejects this argument outright.

Plaintiff's Complaint alleges that it issued an automobile insurance policy to Mr. Gillie and provides the specific policy number. Compl. ¶ 6. The Complaint further alleges that Plaintiff "asserts its claim as subrogee of Mr. Gillie, and is the bona fide owner of the claims and causes of action set forth herein, having obtained the same by reason of payments made to and on behalf of Mr. Gillie *pursuant to the Policy*"; and "[a]s a result of the Collision and *pursuant to the Policy*, [Plaintiff] made payment to Mr. Gillie for the significant damage caused to the [Model X] in the amount of $112,445.54." Compl. ¶¶ 7, 32 (emphasis added). Accepting these allegations as true, the Complaint plausibly alleges, beyond a speculative level, that Plaintiff issued the Policy to Mr. Gillie, Plaintiff paid Mr. Gillie $112,445.54 as required by the Policy, and Plaintiff is entitled to pursue subrogation for the amount it paid to Mr. Gillie.

In short, Plaintiff's Complaint need not include the precise language of the Policy to plausibly allege its right to pursue subrogation. See Twombly, 550 U.S. at 556 (stating that the plausibility standard requires only that the complaint supply "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the Plaintiff's allegations). Moreover, the Court notes that Defendant will have access to the Policy language soon enough, as Plaintiff will be obligated to turn over the Policy forthwith as part of its initial discloser under Rule 26.

For the reasons stated above, Plaintiff has plausibly alleged that it is entitled to pursue subrogation against Defendant. Therefore, Defendant's motion to dismiss is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 13, 2019