IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEMBERSELECT INSURANCE COMPANY, as subrogee of DAVID GILLIE, | |
| Plaintiff, | Case No.: 1:18-CV-02093 |
| v. | District Judge Charles R. Norgle<br>Magistrate Mary M. Rowland |
| TESLA, INC., | |
| Defendant. | |

**TESLA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND**

Defendant, Tesla, Inc., by its attorneys, Bowman and Brooke LLP and Sudekum, Cassidy & Shulruff, Chtd., Answers Plaintiff's Complaint as follows:

**PARTIES**

1. Tesla neither admits nor denies the allegations contained in paragraph 1 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

2. Tesla neither admits nor denies the allegations contained in paragraph 2 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

3. Admit.

**JURISDICTION AND VENUE**

4. Tesla does not contest the jurisdiction of this Court.

5. Tesla denies that venue is proper in Lake County as Tesla removed this case to the Northern District of Illinois.

20637587v2

## ALLEGATIONS COMMON TO ALL COUNTS

6. Tesla neither admits nor denies the allegations contained in paragraph 6 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

7. Tesla neither admits nor denies the allegations contained in paragraph 7 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

8. Tesla admits that it is an automobile manufacturing company that designed, developed and manufactured, in part, the subject Tesla which was distributed and sold to Plaintiff's Subrogor David Gillie at a Tesla Store in Lake County, Illinois.

9. Tesla denies the allegations in paragraph 9 as stated for the reason that they are untrue. For instance, Tesla does not have any "authorized dealerships."

10. Tesla admits there were a total of five (5) Tesla locations in Illinois, including the location at 1200 Old Skokie Valley Road, Highland Park, Illinois in Lake County, Illinois at the time Plaintiff's Subrogor purchased the subject Tesla Model X. Tesla denies that it owns or operates "authorized dealerships" as Tesla Stores and Service Centers are part of Tesla, Inc.

11. Admit.

12. Admit.

13. Tesla denies the allegations in paragraph 13 as stated for the reason that they are incomplete and out of context. Answering further, Tesla neither admits nor denies the content of the unsourced quotations referenced in paragraph 13 but leaves Plaintiff to its proofs.

14. Tesla admits that safety is a top priority at Tesla. Tesla denies the remainder of Plaintiff's allegations in paragraph 14 because they are vague, ambiguous, incomplete and without

context. Answering further, Tesla neither admits nor denies the content of the unsourced quotations referenced in paragraph 14 but leaves Plaintiff to its proofs.

15. Tesla admits that it periodically transmits "over-the-air" software updates to certain Tesla vehicles. Tesla denies the remainder of Plaintiff's allegations in paragraph 15 because they are vague, ambiguous, incomplete and without context. Answering further, Tesla neither admits nor denies the content of the unsourced quotations referenced in paragraph 15 but leaves Plaintiff to its proofs.

16. Tesla denies the allegations in paragraph 16 as stated for the reason that they are vague and subject to multiple interpretations. Tesla admits only that its Autopilot feature is comprised of a suite of driver assistance features that are designed for use consistent with the conditions and limitations as described in the Owner's Manual.

17. Tesla denies the allegations in paragraph 16 as stated for the reason that they are vague. Discovery will reveal the facts and information pertinent to this litigation.

18. Tesla admits only that Autopilot includes, but is not limited to, multiple subsystems that comprise a suite of driver assistance features for semi-autonomous function under certain limited and specified circumstances as described in the Owner's Manual. Autopilot nonetheless requires constant vigilance and control of the driver. Tesla denies the remainder of Plaintiff's allegations in paragraph 18 because they are vague, ambiguous, incomplete and without context. Answering further, Tesla refers Plaintiff to the Owner's Manual for the subject Model X to describe the capabilities and limitations of Autopilot, and that writing speaks for itself.

19. Tesla denies the allegations contained in paragraph 19 as stated for the reason that they are untrue. Answering further, Tesla refers Plaintiff to the Owner's Manual for the subject Model X to describe the capabilities and limitations of Autopilot - as well as the requirement that

the operator keep his or her hands on the wheel and pay attention to the roadway at all times - as the Owner's Manual is in writing and speaks for itself.

20. Tesla neither admits nor denies the allegations contained in paragraph 20 because they are references to a "press release" that omit details about time, place or speaker in the alleged press release. Thus, Tesla lacks sufficient information to form a believe about the truth of those allegations, given the lack of context and potential for puffery common in the industry.

21. Tesla neither admits nor denies the allegations contained in paragraph 21 for the reason that it is without sufficient information to form a believe about the truth of those allegations.

22. Tesla admits that Autopilot involves certain technology that provides driver assistance through semi-autonomous vehicle operation under certain specified and limited circumstances but Tesla advises and warns users of Autopilot repeatedly and in a variety of ways to never depend on Autopilot to keep them safe. Tesla clearly advises and warns users that it is the driver's responsibility to stay alert, drive safely and be in control of the vehicle at all times. Tesla denies the remaining allegations contained in paragraph 22 for the reason that they are untrue as stated.

23. Tesla admits that the subject vehicle, a 2016 Tesla Model X 90D, VIN No. 5YJXCBE21GF006123, was sold to Plaintiff's Subrogor, David Gillie, on or about June 13, 2016. Tesla denies that Mr. Gillie purchased a "Tech Package" but admits that the subject vehicle was equipped with Autopilot features.

24. Tesla neither admits nor denies the allegations contained in paragraph 24 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

25. Tesla neither admits nor denies the allegations contained in paragraph 25 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

26. Tesla neither admits nor denies the allegations contained in paragraph 26 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

27. Tesla neither admits nor denies the allegations contained in paragraph 27 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

28. Tesla neither admits nor denies the allegations contained in paragraph 28 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

29. Tesla denies the allegations contained in paragraph 29 as stated for the reason that they are vague or untrue as stated out of context.

30. Tesla denies the allegations contained in paragraph 30 as stated for the reason that they are untrue and vague as stated out of context. Answering further, Tesla denies the suggestion that a software upgrade would have prevented the subject incident as all versions of Tesla Autopilot prohibit the use of Autopilot within construction zones.

31. Tesla denies the allegations contained in paragraph 31 as stated for the reason that they are untrue. Answering further, Tesla denies the suggestion that a software upgrade would have prevented the subject incident as all versions of Tesla Autopilot prohibit the use of Autopilot within construction zones.

32. Tesla neither admits nor denies the allegations contained in paragraph 32 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

33. Tesla neither admits nor denies the allegations contained in paragraph 33 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

## COUNT I
## Strict Products Liability

34. In response to paragraph 34 of Plaintiff's Complaint, Tesla restates and incorporates by reference its responses to paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth in this paragraph.

35. Tesla admits that it designed, manufactured in part, marketed, and distributed the subject vehicle and component features, including Autopilot, for use as a passenger vehicle.

36. Tesla neither admits nor denies the allegations in paragraph 36 because they contain legal conclusions about which no response is required. To the extent a response is required, Tesla denies that the allegations in paragraph 36 accurately or completely states the applicable law.

37. Tesla neither admits nor denies the allegations in paragraph 37 because they contain legal conclusions about which no response is required. To the extent a response is required, Tesla denies that the allegations in paragraph 37 accurately or completely state the applicable law.

38. Tesla denies the allegations in paragraph 38 as stated for the reason that it is untrue.

39. Tesla denies the allegations in paragraph 39 as stated for the reason that it is untrue.

40. Tesla denies the allegations in paragraph 40 as stated for the reason that it is untrue.

41. Tesla neither admits nor denies the allegations in paragraph 41 about Mr. Gillie's knowledge because it lacks information sufficient to form a belief as to the truth of those

allegations. Tesla denies that Mr. Gillie was not adequately warned about the use and limitations of use of Autopilot. Tesla denies the remaining allegations in paragraph 41 as stated for the reason that they are untrue.

42. Tesla admits that at the time of the alleged incident Mr. Gillie was operating the subject vehicle in a construction zone contrary to instructions and warnings provided with the subject vehicle. Tesla denies the remaining allegations in paragraph 42 because they are untrue.

43. Tesla neither admits nor denies the allegations contained in paragraph 43 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs.

44. Tesla neither admits nor denies the allegations contained in paragraph 43 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs. Tesla denies that it is liable for any claim of subrogation to the extent that a voluntary payment was made by Plaintiff to its Subrogor.

WHEREFORE, Defendant, Tesla, Inc., denies that Plaintiff is entitled to a judgment against it and prays that Plaintiff's Complaint is dismissed with prejudice and that Judgment be entered in Tesla's favor together with its costs, fees, expenses, interest and such other relief as the Court deems just and proper.

## COUNT II
### Negligence

45. In response to paragraph 45 of Plaintiff's Complaint, Tesla restates and incorporates by reference its responses to paragraphs 1 through 44 of Plaintiff's Complaint as if fully set forth in this paragraph.

46. Tesla neither admits nor denies the allegations in paragraph 46 because they contain legal conclusions about which no response is required. To the extent a response is required, Tesla denies that the allegations in paragraph 46 accurately or completely state the applicable law.

47. Tesla neither admits nor denies the allegations in paragraph 47 because they contain legal conclusions about which no response is required. To the extent a response is required, Tesla denies that the allegations in paragraph 47 accurately or completely state the applicable law.

48. Tesla neither admits nor denies the allegations in paragraph 48 because they contain legal conclusions about which no response is required. To the extent a response is required, Tesla denies that the allegations in paragraph 48 accurately or completely state the applicable law.

49. Tesla denies the allegations in paragraph 49, including subparts a-i, as stated for the reason that they are untrue.

50. Tesla denies the allegations contained in paragraph 50 as stated for the reason that they are untrue.

51. Tesla neither admits nor denies the allegations in paragraph 51 about Mr. Gillie's knowledge because it lacks information sufficient to form a belief as to the truth of those allegations. Tesla denies the remaining allegations in paragraph 51 as stated for the reason that they are untrue.

52. Tesla admits that at the time of the alleged incident Mr. Gillie was operating the subject vehicle in a construction zone contrary to instructions and warnings provided with the subject vehicle. Tesla denies the remaining allegations in paragraph 52 because they are untrue.

53. Tesla denies the allegations contained in paragraph 53 as stated for the reason that they are untrue. Answering further, Tesla denies that it is liable for any claim of subrogation to the extent that a voluntary payment was made by Plaintiff to its Subrogor.

54. Tesla neither admits nor denies the allegations contained in paragraph 54 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs. Tesla denies that it is liable for any claim of subrogation to the extent that a voluntary payment was made by Plaintiff to its Subrogor.

WHEREFORE, Defendant, Tesla, Inc., denies that Plaintiff is entitled to a judgment against it and prays that Plaintiff's Complaint is dismissed with prejudice and that Judgment be entered in Tesla's favor together with its costs, fees, expenses, interest and such other relief as the Court deems just and proper.

## COUNT III
### Failure to Warn

55. In response to paragraph 55 of Plaintiff's Complaint, Tesla restates and incorporates by reference its responses to paragraphs 1 through 54 of Plaintiff's Complaint as if fully set forth in this paragraph.

56. Tesla neither admits nor denies the allegations in paragraph 56 because they contain legal conclusions about which no response is required. To the extent a response is required, Tesla denies that the allegations in paragraph 56 accurately or completely state the applicable law.

57. Tesla denies the allegations contained in paragraph 57 as stated for the reason that they are untrue.

58. Tesla denies the allegations contained in paragraph 58 as stated for the reason that they are untrue.

59. Tesla denies the allegations contained in paragraph 59 as stated for the reason that they are untrue.

60. Tesla denies the allegations contained in paragraph 60 as stated for the reason that they are untrue.

61. Tesla denies the allegations contained in paragraph 61 as stated for the reason that they are untrue.

62. Tesla denies the allegations contained in paragraph 62 as stated for the reason that they are untrue. Tesla specifically denies that Mr. Gillie was using the vehicle and component features, including Autopilot, in the manner intended by Tesla as evidenced by Plaintiff's Subrogor's operation of the subject Tesla while on Autopilot within a construction zone.

63. Tesla denies the allegations contained in paragraph 63, including subparts a-k, as stated for the reason that they are untrue.

64. Tesla neither admits nor denies the allegations in paragraph 64 about Mr. Gillie's knowledge because it lacks information sufficient to form a belief as to the truth of those allegations. Tesla denies the remaining allegations in paragraph 64 as stated for the reason that they are untrue.

65. Tesla admits that at the time of the alleged incident Mr. Gillie was operating the subject vehicle in a construction zone contrary to instructions and warnings provided with the subject vehicle. Tesla denies the remaining allegations in paragraph 65 because they are untrue.

66. Tesla denies the allegations contained in paragraph 66 as stated for the reason that they are untrue. Answering further, Tesla denies that it is liable for any claim of subrogation to the extent that a voluntary payment was made by Plaintiff to its Subrogor.

67. Tesla neither admits nor denies the allegations contained in paragraph 67 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs. Tesla denies that it is liable for any claim of subrogation to the extent that a voluntary payment was made by Plaintiff to its Subrogor.

WHEREFORE, Defendant, Tesla, Inc., denies that Plaintiff is entitled to a judgment against it and prays that Plaintiff's Complaint is dismissed with prejudice and that Judgment be entered in Tesla's favor together with its costs, fees, expenses, interest and such other relief as the Court deems just and proper.

## COUNTY IV
### Breach of Warranty

68. In response to paragraph 68 of Plaintiff's Complaint, Tesla restates and incorporates by reference its responses to paragraphs 1 through 67 of Plaintiff's Complaint as if fully set forth in this paragraph.

69. Tesla admits only that it was the manufacturer in part, distributor, limited warrantor, and seller of the subject vehicle. Tesla neither admits nor denies the remaining allegations in paragraph 69 because it is without sufficient information to form a belief about the truth of those allegations.

70. Tesla neither admits nor denies the allegations in paragraph 70 because they contain legal conclusions about which no response is required. To the extent a response is required, Tesla denies that the allegations in paragraph 70 accurately or completely state the applicable.

71. Tesla neither admits nor denies the allegations in paragraph 71 because they contain legal conclusions about which no response is required. To the extent a response is required, Tesla denies that the allegations in paragraph 71 accurately or completely state the applicable law.

72. Tesla denies the allegations contained in paragraph 72 as stated for the reason that they are untrue.

73. Tesla neither admits nor denies the allegations in paragraph 73 about Mr. Gillie's knowledge because it lacks information sufficient to form a belief as to the truth of those allegations. Tesla denies the remaining allegations in paragraph 73 as stated for the reason that

they are untrue Tesla neither admits nor denies the allegations in paragraph 73 relative to Mr. Gillie's state of mind for the reason that it is without sufficient information to form a belief about the truth of those allegations. Tesla denies the remaining allegations contained in paragraph 73 as stated for the reason that they are untrue.

74. Tesla admits that at the time of the alleged incident Mr. Gillie was operating the subject vehicle in a construction zone contrary to instructions and warnings provided with the subject vehicle. Tesla denies the remaining allegations in paragraph 74 because they are untrue.

75. Tesla denies the allegations contained in paragraph 75 as stated for the reason that they are untrue. Answering further, Tesla denies that it is liable for any claim of subrogation to the extent that a voluntary payment was made by Plaintiff to its Subrogor.

76. Tesla neither admits nor denies the allegations contained in paragraph 76 for the reason that it is without sufficient information to form a belief about the truth of those allegations but leaves Plaintiff to its proofs. Tesla denies that it is liable for any claim of subrogation to the extent that a voluntary payment was made by Plaintiff to its Subrogor.

WHEREFORE, Defendant, Tesla, Inc., denies that Plaintiff is entitled to a judgment against it and prays that Plaintiff's Complaint is dismissed with prejudice and that Judgment be entered in Tesla's favor together with its costs, fees, expenses, interest and such other relief as the Court deems just and proper.

## COUNT V
## Non-Specific Product Defect

77. In response to paragraph 77 of Plaintiff's Complaint, Tesla restates and incorporates by reference its responses to paragraphs 1 through 76 of Plaintiff's Complaint as if fully set forth in this paragraph.

78. Tesla denies the allegations contained in paragraph 78 for the reason that they are untrue.

79. Tesla denies the allegations contained in paragraph 79 as stated for the reason that they are untrue.

80. Tesla denies the allegations contained in paragraph 80 as stated for the reason they are untrue.

WHEREFORE, Defendant, Tesla, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in favor of the Defendant, including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted, thus, Tesla hereby moves for a judgment of dismissal to be entered in its favor as a matter of law.

2. Tesla has completely performed and fulfilled all of its obligations under and pursuant to the only warranty of any kind, either express or implied, written or oral, which it or anyone acting on its behalf has made with respect to the subject vehicle or any of its component parts referred to in the Complaint. Tesla's New Vehicle Limited Warranty was provided to the original purchaser at the time of the initial retail sale of the subject vehicle, and said warranty speaks for itself.

3. To the extent that discovery supports the same, Tesla asserts the defense of spoliation of evidence by Plaintiff and/or Plaintiff's Subrogor.

4. That the subject vehicle was not defective or unreasonably dangerous in any manner, and the condition of the subject vehicle did not cause or contribute to cause Plaintiff's damages as alleged in its Complaint.

5. That all damages allegedly sustained by Plaintiff may be attributable to a cause or causes other than the condition of the subject vehicle, including, but not limited to, negligent operation and misuse by Plaintiff's Subrogor.

6. That the subject vehicle as designed, manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to administrative, industry, regulatory or statutory codes, standards, specifications or schemes approved by the United States or Illinois, or agencies thereof, that were applicable to the subject vehicle at the time of its manufacture and sale.

7. That the subject vehicle was manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to applicable statutes, regulations, requirements and mandates approved by the United States or by the State of Illinois and agencies thereof that governed the subject vehicle at the time of its manufacture and sale and, accordingly, Plaintiff's state law claims are barred under the doctrine of federal preemption.

8. That at the time of the subject incident, the subject vehicle may not have been in the same or substantially the same condition as when it left Tesla's control.

9. Plaintiff's damages, if any, may have been caused by Plaintiff's Subrogor's or some other third-party's negligence, misuse, abuse, unauthorized alteration or modification of, or failure to maintain the subject vehicle or Plaintiff's Subrogor's assumption of risk related to his operation of the vehicle.

10. Plaintiff's injuries and damages, if any, were caused or contributed to by Plaintiff's Subrogor's failure to comply with the written and oral instructions relating to use of the subject vehicle and therefore Plaintiff's recovery, if any, should be diminished or barred in accordance with law.

11. Plaintiff's injuries and damages, if any, were legally and proximately caused by Plaintiff's Subrogor's failure to follow the instructions and warnings supplied with the vehicle, which instructions and warnings adequately warned of the risks involved in the vehicle's use or misuse.

12. Plaintiff's damages, if any, were legally and proximately caused by, and arose from, risks of which Plaintiff's Subrogor had both knowledge and understanding and thereby voluntarily assumed such risks related to his operation of the vehicle.

13. Plaintiff's Subrogor was responsible for the operation of the subject vehicle and the incident described in the Complaint and Plaintiff's damages were caused by Subrogor's failure to operate and control the subject vehicle as instructed, and such failure constitutes negligence per se on the part of Plaintiff's Subrogor.

14. That the damages allegedly sustained by Plaintiff may have been caused or contributed to by the acts, omissions or fault of Plaintiff's Subrogor, including contributory negligence, contributory fault, comparative fault, assumption of the risks, misuse or abuse, failure to mitigate damages, or other fault pursuant to 735 I.L.C.S. § 5/2-1116.; and that such acts, omissions or fault, to any degree, completely bar recovery by Plaintiff.

15. Plaintiff's damages, if any, were proximately caused by or contributed to by the acts of other parties, persons, or entities, and these acts were an intervening and superseding cause of the damages, if any, thus barring Plaintiff from recovery against Tesla.

16. Plaintiff's Subrogor was capable of and may have failed to mitigate his damages, if any.

17. Plaintiff was capable of and may have failed to mitigate its damages, if any.

18. Plaintiff's damages, if any, may have been caused by the acts or omissions of third-parties or other entities, over which Tesla has or had no control, or right of control, and for whom it is not responsible.

19. To the extent that Plaintiff is asserting a "crashworthiness" claim, that any rule of law, under the so-called "crashworthiness" doctrine, which alleviates Plaintiff's burden of proving an alternative reasonable design, practicable under the circumstances, the injuries, if any, that would have occurred if that alternative design had been used, and the extent of enhanced injuries attributable to the alleged defective design, or which shifts the burden of disproving any of those elements to this Defendant, is unconstitutional and in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and applicable sections of the Constitution of the State of Illinois, and furthermore, violates public policy.

20. While specifically denying liability for the injuries alleged in the Plaintiff's Complaint, to the extent any of Plaintiff's alleged damages have been recovered by way of reinsurance proceeds relating to the transaction or occurrence described in Plaintiff's Complaint, Tesla is entitled to a set-off of any such amount against any potential award entered against it in this manner.

21. To the extent the following affirmative defenses are applicable, based upon the evidence known in this matter or that may be determined in the future, and to preserve the same, Tesla invokes the following defenses of accord and satisfaction, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, offset on account of use

or such other measure allowed by law, waiver, equitable estoppel, judicial estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, collateral estoppel, statute of frauds, statutes of limitations, any applicable statute of repose, and any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendant, Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in favor of Defendant, Tesla, Inc. including costs, expenses, and attorney fees, interest and all other relief as the Court may deem just and proper.

## RESERVATION OF RIGHTS

Tesla reserves the right to file such additional affirmative defenses as may be appropriate upon completion of its investigation and discovery throughout trial.

## RELIANCE UPON JURY DEMAND

Defendant, Tesla, Inc., relies on the jury demand filed by Plaintiff on February 1, 2018 and demands a jury trial on all issues.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

BY: /s/Matthew G. Berard
THOMAS P. BRANIGAN (ARDC 6271048)
MATTHEW G. BERARD (ARDC 6312341)
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, MI 48304
248.205.3300 ph / 248.205.3399 fax
tom.branigan@bowmanandbrooke.com
matthew.berard@bowmanandbrooke.com

*Attorneys for Defendant, Tesla, Inc.*

and

20637587v2

17

George M. Velcich (ARDC3127772)
Sudekum, Cassidy & Shulruff, Chtd.
20 N. Clark Street, Suite 2450
Chicago, IL 60602
312.803.6250
gmv@scslegals.com

*Local Counsel for Tesla, Inc. per LR 83.15*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

B. Robert Ostojic
Nick V. Marinkovich
Leahy, Eisenberg & Fraenkel, Ltd.
33 West Monroe Street, Suite 1100
Chicago, IL 60603
ro@lefltd.com
nm@lefltd.com

**BOWMAN AND BROOKE LLP**

BY:/s/Matthew G. Berard
THOMAS P. BRANIGAN (ARDC 6271048)
MATTHEW G. BERARD (ARDC 6312341)
Attorneys for Defendant, Tesla, Inc.
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, MI 48304
248.205.3300 / 248.205.3399 fax
tom.branigan@bowmanandbrooke.com
matthew.berard@bowmanandbrooke.com